Sturtevant Mill Co. v. Wearcrete Engineering Co., 207 Ill. App. 471.

supposed to have been advanced by the company in payment of premiums upon the policy and of a prior loan by the insured from the insurance company, upon which the policy was held by the insurance company as collateral security, and such note was made to include both the amount of such loan, which the trust company had not taken up, and six per cent. interest on the amount of the note and also bore six per cent. interest, so that the interest charged on the amount actually advanced by the trust company exceeded seven per cent., *held* that the note was usurious and that the trust company would not be permitted by such shift or device to collect interest in excess of that provided by statute, but would be entitled in a court of chancery to only five per cent. on the amount actually advanced by it.

2. USURY, § 4*—*not question of intention.* Usury is not a question of intention of the parties.

3. COSTS, § 67*—*when allowed because of appeal for delay.* A defense being obviously interposed merely for delay and to wear out the opposite party in whose favor judgment was rendered, *held* that damages, to the amount of ten per cent., should be assessed under Rev. St. ch. 33, sec. 23 (J. & A. ¶ 2737), relating to the assessment of damages when an appeal is for delay, in affirming the judgment.

---

## Sturtevant Mill Company, Appellee, v. Wearcrete Engineering Company, Appellant.

### Gen. No. 22,422. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. EDWARD T. WADE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1916. Affirmed. Opinion filed October 10, 1917. Rehearing denied October 23, 1917. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action by Sturtevant Mill Company, plaintiff, against the Wearcrete Engineering Company, defendant, to recover on a written contract for the purchase by defendant of a certain machine for $2,300. From a judgment for plaintiff for $2,725, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FOSTER, PAYNE, REYNOLDS & BRYANT and THOMAS MACK, for appellant.

BRYAN, MCCORMICK & WEBBER, for appellee.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

## Abstract of the Decision.

1. PLEADING, § 150*—*when affidavit of merits is mere subterfuge interposed for delay.* Defendant's affidavit of merits *held* to set up a defense which was an afterthought and mere subterfuge interposed for delay, where it was filed just before trial commenced and after several prior affidavits of merits in which no mention of such defense was made had been filed and abandoned or stricken from the files.

2. PLEADING, § 155*—*when refusal to permit filing of affidavits of merits is proper.* Where repeated affidavits of merits, all substantially to the same effect, had been filed and either abandoned or stricken from the files before trial, *held* that the same were apparently offered not in good faith but for delay, and there was no abuse of discretion in the refusal of the court at the trial to permit further similar affidavits of merits to be filed.

3. APPEAL AND ERROR, § 1526*—*when instructions not prejudicially erroneous.* Where no other verdict than that rendered would stand, *held* that instructions were not prejudicially erroneous, although not correct in all particulars.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.